**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BOBBY JOE MANN, | ) |
| Plaintiff, | ) No. CV 13-1224-TUC-CKJ |
| vs. | ) **ORDER** |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

Plaintiff Bobby Joe Mann ("Mann") filed this *pro se* action[1] against the United States of America ("USA" or "the government"), Gary L. Henderson ("Henderson"), Gary L. Henderson, MD PC ("GLH PC"), and Northwestern Hospital ("NH").[2]  NH has filed a Motion to Compel and Motion to Stay Action (Doc. 22) seeking an order by the Court requiring Mann to obtain and serve a preliminary expert opinion affidavit pursuant to AR.S. § 12-2603 and staying the action until such time as Mann produces a preliminary expert affidavit.  Defendants Henderson, GLH PC, and USA have filed Joinders in this motion (Docs. 23 and 28).  No response to the motion has been filed.

---

[1] The action was originally filed in the United States District for the Southern District of Indiana.  The assigned judge severed the allegations involving conduct that occurred in Arizona from the allegations involving conduct that occurred in Indiana, opened this action against the Arizona defendants, and transferred this action to the District of Arizona.

[2] In its Answer Defendant Northwest Hospital, L.L.C., dba Northwest Medical Center, states it was improperly identified as Northwestern Hospital in the First Amended Complaint.

I. *Factual and Procedural Background*[3]

Mann alleges he was transferred to the United States Penitentiary in Tucson, Arizona, for follow-up medical care and the repair of a ventral hernia. Defendant USA contracted with Henderson, NH , and GLH PC to provide medical evaluation, care, and surgical repair of the ventral hernia.  In May 2011, Henderson advised Mann that it was medically necessary to correct the ventral hernia, that it could only be corrected surgically, that the surgery could be performed safely in the operating room at NH, and that the procedure was minor and did not have any inherent or attendant risks to Mann.

In December 2011, Mann underwent surgery to repair the ventral hernia and was under the care of Henderson, GLH PC, NH, and other employees of NH.  Henderson inserted a subfacial mesh during the surgery and stated that he had repaired the ventral hernia.  Mann was discharged from NH four days later and was returned to the custody of the Bureau of Prisons ("BOP").  Two days later, Mann "incurred a catastrophic failure at the site of the abdominal surgery, including but not limited to a delamination and detachment of the subfacial mesh, and the opening of the wound site." FAC, Doc. 13, p. 7.

In Count One, Mann asserts the government, through its employees, was negligent and guilty of malpractice because it failed to "ensure adequate precautions and adopt proper hospital, surgical, after-care, and contract medical services" and failed to properly treat or provide acceptable medical care after the catastrophic failure at the surgical site.

In Count Two, Mann contends Henderson was negligent and guilty of malpractice because he failed to exercise the care and precautions required to prevent Mann's injuries, lacked the required knowledge and surgical skill, failed to consult with others to acquire the knowledge necessary to avoid Mann's injuries, failed to adequately inform Plaintiff of the dangers of the surgery, and "in general[,] acted with negligence, imprudence, and a lack of expertise under the circumstances." FAC, Doc. 13, p. 7.

---

[3]Unless otherwise stated, the facts are taken from Mann's First Amended Complaint ("FAC").

In Count Three, Mann alleges NH was negligent and guilty of malpractice because it failed to "ensure adequate precautions and adopt proper hospital, surgical and operating procedures[.]"  FAC, Doc. 13, p. 8.

In Count Four, Mann asserts GLH PC was negligent and guilty of malpractice because it failed to "ensure adequate protections and adopt proper practices in the employment, retention, qualification and operation of a medical corporation[.]"  FAC, Doc. 13, p. 8.

Mann alleges that as a result of Defendants' negligence, he is "left with serious and permanent diastasis of the abdominal wall," has severe damage to his abdominal area, and his motor function has been critically impaired.  Mann claims he has suffered permanent disfigurement, has been totally impeded in the enjoyment of normal pursuits and activities, and has suffered mental anguish.

Answers have been filed by Defendants.  Docs. 19, 20, and 27.

NH filed a Motion to Compel and Motion to Stay Action (Doc. 22) seeking an order by the Court requiring Mann to obtain and serve a preliminary expert opinion affidavit pursuant to AR.S. § 12-2603 and staying the action until such time as Mann produces a preliminary expert affidavit.  Defendants Henderson, GLH PC, and USA have filed Joinders to this motion.  No response to the motion has been filed.

II.  *Failure to File a Response*

Mann has not responded to the Motion to Compel.  This failure alone may be deemed consent to the granting of the motion.  LRCiv. 7.2(i).

III.  *Motion to Compel* (Doc. 22)

As an initial matter, this Court must determine whether the *Erie*[4] doctrine and subsequent United States Supreme Court precedent bar reliance on Arizona's preliminary expert affidavit statutes.

---

[4] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

A. *Erie R. Co. v. Tompkins*

In the landmark decision *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the United States Supreme Court overturned the doctrine of *Swift v. Tyson*, 16 Pet. 1, 10 L.Ed. 865 (1942). The *Erie* court held that "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *Id.* at 78, 58 S.Ct. at 822.

In *Hanna v. Plummer*, the Court addressed the *Erie* doctrine in consideration of whether "service of process [is] to be made in the manner prescribed by state law of that set forth in Rule 4(d)(1) of the Federal Rules of Civil Procedure" where federal jurisdiction of a civil case is based on diversity of citizenship. *Hanna v. Plumer*, 380 U.S. 460, 461, 85 S.Ct. 1136, 1138, 14 L.Ed.2d 8 (1965). The *Hanna* court reiterated that where there is no Federal Rule on point, *Erie* dictates the enforcement of state law. *Id.* at 470, 85 S.Ct. at 1143. *Hanna* focused on the "twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Id.* at 468, 85 S.Ct. at 1142. Thus, even though application of the Federal Rule would result in a different outcome than its state law counterpart, when there is a Federal Rule on point, it must control. *Id.* at 473-74, 85 S.Ct. at 1145. *Erie* and its progeny specifically addressed the application of state law where federal jurisdiction was based upon diversity of citizenship.

"The first question must [] be whether the scope of the Federal Rule in fact is sufficiently broad to control the issue before the Court." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 639 (1980).

B. *A.R.S. § 12-2603*

The Arizona legislature declared the purpose of A.R.S. § 12-2603 "is to curtail the filing of frivolous lawsuits against health care professionals and the filing of frivolous nonparty at fault designations by health care professionals." Laws 2004, Ch. 4 § 2. As such, the legislature evinced support of a policy to curtail rising medical costs related to

malpractice insurance and litigation.[5]

Section 12-2603 requires that a party asserting a claim against a health care professional "shall certify in a written statement that is filed and served with the claim or the designation of nonparty at fault whether or not expert opinion testimony is necessary to prove the health care professional's standard of care or liability for the claim." A.R.S. § 12-2603(A). In cases where a party certifies an expert is needed, the preliminary expert opinion affidavit shall contain the following:

> 1. The expert's qualifications to express an opinion on the health care professional's standard of care or liability for the claim.
>
> 2. The factual basis for each claim against a health care professional.
>
> 3. The health care professional's acts, errors or omissions that the expert considers to be a violation of the applicable standard of care resulting in liability.
>
> 4. The manner in which the health care professional's acts, errors or omissions caused or contributed to the damages or other relief sought by the claimant.

A.R.S. § 12-2603(B). If the claimant certifies that expert witness testimony is not required, the health care professional may move for a court order requiring service of a preliminary expert opinion affidavit. A.R.S. § 12-2603(D). Section 12-2603(D) further provides that:

> [i]n the motion, the claimant, the health care professional or the designated nonparty at fault shall identify the following:
>
> 1. The claim for which it believes expert testimony is needed.
>
> 2. The prima facie elements of the claim.
>
> 3. The legal or factual basis for its contention that expert opinion testimony is required to establish the standard of care or liability for the claim.

---

[5]"From 1976 to 1989, Arizona medical malpractice claimants were obliged to submit their claims to medical liability review panels before advancing beyond the complaint in the superior court." *Hunter Contracting Co., Inc. v. Superior Court*, 190 Ariz. 318, 323, 947 P.2d 892, 897 (Ct. App. 1997) (citing A.R.S. § 12-567 (Supp. 1976-77) (repealed by Laws 1989, ch. 289, § 1). Prior versions of the current statute mandated submission of a preliminary expert witness affidavit early in the litigation. Consistently, the legislative intent has been to screen for non-meritorious claims early in the litigation in an effort to reduce increasing medical costs.

- 5 -

A.R.S.§ 12-2603(D). An "expert" is defined as "a person who is qualified by knowledge, skill, experience, training or education to express an opinion regarding a licensed health care professional's standard of care or liability for the claim." A.R.S. § 12-2603(H)(2).

"After considering the motion and any response, the court shall determine whether the claimant . . . shall comply with this section." A.R.S. § 12-2603(E). Moreover, "[t]he court on its own motion or the motion of the health care professional . . ., shall dismiss the claim against the health care professional . . . without prejudice if the claimant . . . fails to file and serve a preliminary expert opinion affidavit after . . . the court has ordered the claimant . . . to file and serve an affidavit." A.R.S. § 12-2603(F).

C. *Federal Rules of Civil Procedure*

Fed.R.Civ.P. 11 provides:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b). This rule further allows for the court, either on its own initiative or on motion for sanctions by a party, to impose sanctions sufficient to deter repetition of the conduct. Fed.R.Civ.P. 11(c). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990) (citations

omitted).

Fed.R.Civ.P. 26 governs discovery in civil litigation. The primary purpose for the discovery rules is to promote full disclosure of all facts to aid in fair, prompt and inexpensive disposition of lawsuits. *Woldum v. Roverud Const. Inc.*, 43 F.R.D. 420 (D. Iowa 1968). Expert testimony must be disclosed pursuant to Rule 26(a)(2), Federal Rules of Civil Procedure. Parties must only disclose the "identity of any [expert] witness *it may use at trial* to present evidence." Fed.R.Civ.P. 26(a)(2)(A). The time for such disclosure shall occur "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(C). Absent a court order or stipulation, the disclosure must occur "(i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure." *Id.*

D. *Analysis*

Although the Federal Rules of Civil Procedure provide a mechanism for the disclosure of testifying expert witnesses and sanctions for frivolous claims,[6] the Arizona rule mandates for early disclosure of a preliminary expert, who need not testify at trial, evidencing support for a plaintiff's medical malpractice claims. The Arizona state legislature has evinced a clear policy to curtail "frivolous medical malpractice lawsuits by imposing a stricter standard of pleading and setting deadlines for the early involvement of plaintiff's expert witness." *Gorney v. Meaney*, 214 Ariz. 226, 229, 150 P.3d 799, 802 (Ct. App. 2007). Moreover, "a statute that would completely bar recovery in a suit if brought in a State court bears on a State created right vitally and not merely formally or negligibly." *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945).

---

[6]The Federal Rules of Civil Procedure also provide a mechanism for sanctions due to discovery violations. *See* Fed.R.Civ.P. 37. The Court does not consider the applicability of this Rule in the instant case, because A.R.S. § 12-2603 mandates early disclosure of a preliminary expert affidavit. Thus, although discovery sanctions are potentially available to litigants, they do not arise until much later in the course of litigation.

1    Here, if Mann brought this medical malpractice claims in state court and was unable
2 to provide a preliminary expert affidavit pursuant to A.R.S. § 12-2603, his medical
3 malpractice claims would be dismissed.[7]  If this Court does not apply A.R.S. § 12-2603,
4 Defendants would automatically have to participate in the discovery process.  This result,
5 based solely on Mann's choice of forum as to the malpractice claims, is inequitable.
6 Allowing such a procedure "would promote the choice of United States rather than of state
7 courts in order to gain the advantage of different laws."  *York*, 326 U.S. at 111, 65 S.Ct. at
8 1471.  The states have a "systemic interest[] in . . . being able to develop coherent policies
9 governing medical malpractice liability."  *Bledsoe v. Crowley*, 849 F.2d 639, 646 (D.C. Cir.
10 1988) (J. Williams, concurring).  Accordingly, "a state that seeks to reduce medical costs by
11 reducing the burden of malpractice liability must be able to assure providers that the state's
12 rule will actually apply to all (or virtually all) cases."  *Id.*  Moreover, courts have determined
13 Arizona's expert affidavit requirements also apply in federal court where plaintiffs have sued
14 the federal government, i.e., where plaintiff did not have a choice of forum.  *See e.g., Mann*
15 *v. United States*, 2012 WL 273690 (D. Ariz. 2012), *Wright v. United States*, 2008 WL
16 820557 *5-7 (D. Ariz. 2008).  Therefore, because the Federal Rules are not sufficiently broad
17 to cover the issue before this Court, and in furtherance of the twin aims of *Erie*, A.R.S. § 12-
18 2603 is applicable to this cause of action.

20 IV.  *Preliminary Expert Affidavit*

21    It is well-established law in Arizona that "[t]he general rule in a medical malpractice
22 case is that it is incumbent on the plaintiff to establish negligence on the part of a physician
23 or surgeon by expert medical testimony."  *Tessitore v. McGilvra*, 105 Ariz. 91, 93, 459 P.2d
24 716, 718 (1969).  "Whether a physician breaches a duty by falling below the accepted

---

[7] A "[m]edical malpractice action or "cause of action for medical malpractice" is defined as "an action for injury or death against a licensed health care provider based upon such provider's alleged negligence, misconduct, errors or omissions, or breach of contract in the rendering of health care, medical services, nursing services or other health-related services . . ."  A.R.S. § 12-561(2).

- 8 -

standard of care is ordinarily shown by expert medical testimony." *Barrett v. Harris*, 207 Ariz. 374, 380, 86 P.3d 954, 960 (Ct. App. 2004) (citations omitted). Moreover, Mann "must prove the causal connection between an act or omission and the ultimate injury through expert medical testimony." *Id.* at 378, 86 P.3d at 958. Arizona law additionally requires that an expert testifying regarding the standard of care must specialize in the same specialty as the Defendant. A.R.S.§ 12-2604(A)(1)[8]; *See Seisinger v. Siebel*, 220 Ariz. 85, 203 P.3d 483 (Ariz. 2009).

---

[8]Section 12-2604(A) provides in its entirety:
In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and the person meets the following criteria:

1. If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty or claimed specialty as the party against whom or on whose behalf the testimony is offered. If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist who is board certified, the expert witness shall be a specialist who is board certified in that specialty or claimed specialty.

2. During the year immediately preceding the occurrence giving rise to the lawsuit, devoted a majority of the person's professional time to either or both of the following:

    (a) The active clinical practice of the same health profession as the defendant and, if the defendant is or claims to be a specialist, in the same specialty or claimed specialty.

    (b) The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession as the defendant and, if the defendant is or claims to be a specialist, in an accredited health professional school or accredited residency or clinical research program in the same specialty or claimed specialty.

3. If the defendant is a general practitioner, the witness has devoted a majority of the witness's professional time in the year preceding the occurrence giving rise to the lawsuit to either or both of the following:

    (a) Active clinical practice as a general practitioner.

    (b) Instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession as the defendant.

A.R.S. § 12-2604(A).

1  Whether Defendants Henderson, GLH PC, and NH breached the applicable standards
2  of care in their treatment of Mann requires expert witness testimony. As such, the Court will
3  grant the Motion to Compel and will direct Mann to file and serve a preliminary expert
4  affidavit pursuant to A.R.S. § 12-2603 as to Defendants Henderson, GLH PC, and NH on or
5  before **October 31, 2014.**

7  V. *Motion to Compel as to Defendant USA*

8  In joining in the Motion to Compel, the government asserts A.R.S. § 12-2603 also
9  applies to Mann's Federal Tort Claims Act ("FTCA") against the government because Mann
10 alleges the government, through its agents, acted negligently in Arizona. As summarized by
11 the government, numerous decisions in this district have determined Arizona's statutory
12 requirements regarding expert affidavits apply to FTCA claims. *See* USA's Joinder, Doc.
13 28, p. 2, *citing Mann*, *Merz v. United States*, CV-12-551-TUC-FRZ (D. Ariz. 2014); *Wright*;
14 *Jones v. Sanan*, 2012WL715633, *3-4 (D. Ariz. 2012); *Amor v. Arizona*, 2010 WL 960379
15 (D. Ariz. 2010); *Irwin v. Maricopa County Board of Supervisors*, 2008 WL 3287037 (D.
16 Ariz. 2008). Other jurisdictions have similarly found state expert review statutes to apply
17 in federal proceedings. *See e.g. Hill v. United States*, 751 F.Supp. 909, 910 (D.Colo.1990);
18 *Miville v. Abington Mem'l Hosp.*, 377 F.Supp.2d 488, 493 (E.D.Pa.2005); *Ellingson v.
19 Walgreen Co.*, 78 F.Supp.2d 965, 968 (D.Minn.1999).

20 The Court finds the Arizona's statutory expert affidavit requirements are applicable
21 to the FTCA claim in this case. Accordingly, the Court will grant the Motion to Compel and
22 will direct Mann to file and serve a preliminary expert affidavit pursuant to A.R.S. § 12-2603
23 as to Defendant USA or before **October 31, 2014.**

25 VI. *Motion to Stay* (Doc. 22)

26 Defendants request all proceedings be stayed pending receipt of Mann's preliminary
27 expert affidavit pursuant to A.R.S. § 13-2603. Because medical malpractice claims may be
28 dismissed without prejudice if a plaintiff fails to file and serve a preliminary expert opinion

- 10 -

1  affidavit after . . . the court has ordered the claimant . . . to file and serve an affidavit[,]"
2  A.R.S. § 12-2603(F), further proceedings pending the filing of such an affidavit is not
3  appropriate. The Court will grant the Motion to Stay.

5      Accordingly, IT IS HEREBY ORDERED that:
6      1.    The Motion to Compel (Doc. 22) is GRANTED.
7      2.    Mann shall file and serve his preliminary expert affidavit pursuant to A.R.S.
8  § 12-2603 on or before **October 31, 2014**.
9      3.    This matter is STAYED pending the filing of a preliminary expert affidavit by
10 Mann.
11     4.    Should Mann fail to timely file and serve his preliminary expert affidavit this
12 case may be dismissed without further notice to Mann.
13     DATED this 26th day of August, 2014.

*/s/ Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge